COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SELENA E MOLINA
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: June 27, 2022
Date Submitted: March 24, 2022

Julia B. Klein, Esquire
Klein LLC
225 West 14th Street, Ste. 100
Wilmington, DE 19801

Alize Yachting Corp.
910 Foulk Road
Wilmington, DE 19803

Re: *Moiz Mose Saltiel v Alize Yachting Corp.*
C.A. No. 2020-0002-SEM

Dear Counsel and Parties:

A contest over the ownership of a yacht has been proceeding in litigation in multiple forums, across continents, since 2016. The conflict has included a criminal proceeding, a writ of seizure, a civil case in Turkey, and this action in Delaware. It seems that the conflict is now ending, and the yacht can return to less-troubled waters.

The petitioning company purchased the yacht in 2016. Issues with the bill of sale led the Delaware Department of Natural Resources and Environmental Control to retitle the yacht multiple times, spurring a great deal of litigation. The respondent, a Delaware corporation, initially was active in this case but failed or refused to secure new Delaware counsel. I held the respondent was in default but considered whether judgment should be stayed out of deference to the first-filed action(s) in Turkey.

In this report, I recommend the action not be stayed, and a final order be issued.  The yacht is, and has been throughout the course of all litigation, registered in the state of Delaware.  As such, only the courts of Delaware can rule on the validity of the yacht's Delaware registration—the precise question pending in this Court.  Further, the Turkish proceedings have not progressed with alacrity to address the merits of either side's claims, causing doubt about whether they can provide prompt and complete justice.  Accordingly, this Court should act on the claims pending before it, and I recommend the petitioners be granted the relief sought.

## I.    Background[1]

In my February 23, 2022, final report, I found this Court has jurisdiction to enter an *in rem* judgment quieting title to the Yacht.[2]  But I continued to question whether a stay of this action would be appropriate due to the first-filed litigation in

---

[1] This report addresses the final issue of whether this Court can and should act on the pending requests or, instead, defer and stay in favor of the Turkish litigation.  Interested readers are directed to the factual background in my February 23, 2022, final report, which will not be restated here. Docket Item ("D.I.") 36.  Unless otherwise noted, capitalized terms are as defined therein.

[2] D.I. 36.

Turkey.[3]  As such, I directed the Petitioners to file a letter brief to show cause why this litigation should not be stayed.[4]

On March 24, 2022, the Petitioners filed the requested brief (the "Brief").[5] Attached to the Brief, the Petitioners provided checks, purportedly showing they paid in full for the Yacht.[6]  The Petitioners also attached an affidavit from Mehmet Fatih Kaya, Turkish counsel to the Petitioners, dated March 24, 2022.[7]  Therein, counsel explains that the Turkish criminal proceedings were initiated by the Respondent in 2016 and concluded in 2021 when the Çeşme prosecutor's office rendered a decision of non-prosecution.[8]  Regarding the civil case in Turkey, counsel avers the Çeşme Civil Court has repeatedly declined to exercise jurisdiction and the specialized maritime court has not informed the Petitioners that it will exercise jurisdiction over the case.[9]  Additionally, the Petitioners explain through Delaware

---

[3] *Id.*

[4] *Id.*

[5] D.I. 37.  The Brief ripened this final issue for my decision.  As I explained to Turkish counsel at the default hearing, the Respondent was not permitted to submit further filings unless it did so through Delaware counsel.  *See* Tr. 31:2-22.  To date, Delaware counsel has not entered an appearance on the Respondent's behalf.

[6] D.I. 37, Ex. 1.

[7] *Id.* at Ex. 2.

[8] *Id.* at Ex. 2 ¶ 14.

[9] *Id.* at Ex. 2 ¶¶ 8-15.

counsel that they continue to pay to insure and maintain the Yacht, despite not having the privilege of using it.[10]  Through their Brief, the Petitioners urge this Court to accept jurisdiction and rule on the petition.

## II.    Analysis

In determining whether to stay for *forum non conveniens*, I look to *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*[11]  "The doctrine of *forum non conveniens* grants the court discretionary authority to decline jurisdiction where 'considerations of convenience, expense, and the interests of justice' show that the plaintiff's chosen forum would be 'unduly inconvenient, expensive, and otherwise inappropriate.'"[12]  Under *McWane*, this Court may "defer more readily to the court in which related litigation was first filed[,]" if the answer to the following three-part question is "yes": "(1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the

---

[10] D.I. 37 p.4, n.3.

[11] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[12] *Zilberstein v. Frankenstein*, 2021 WL 5289104, at *3 (Del. Super. Nov. 12, 2021).

same issues?"[13]  When answered in the affirmative, there is a "strong preference" to stay or dismiss the later-filed case.[14]

The 2017 civil case filed by the Respondent in Turkey predates this litigation and remains pending.  That case involves the same parties here, the Petitioners and the Respondent, and the same underlying dispute regarding who owns the Yacht. The Petitioners argue, however, that the Turkish courts are unable to provide prompt and complete justice.  Based on the record before me, I agree.

I will begin with the issue of "complete justice."  Although the Turkish courts may have concurrent jurisdiction over the Yacht, as I found previously, they are incapable of providing complete justice on the claims pending in this action.  The Petitioners seek registration of the Yacht with DNREC under 7 *Del. C.* § 3100-3.21.[15]  The Yacht is registered in Delaware, and only Delaware can question the regularity and validity of that registration.[16]  The Turkish courts, on the other hand,

---

[13] *Amgine Techs. (US), Inc. v. Miller*, 2021 WL 5564688, at *5 (Del. Ch. Nov. 29, 2021) (citations and quotation marks omitted).  *See also LG Elecs., Inc. v. InterDigital Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015) (explaining the application of *McWane*).

[14] *LG Elecs., Inc.*, 114 A.3d at 1252.

[15] *See* D.I. 1, Count 1 ¶ A.

[16] *Lauritzen v. Larsen*, 345 U.S. 571, 584 (1953) ("The United States has firmly and successfully maintained that the regularity and validity of a registration can be questioned only by the registering state.").

could not compel DNREC to register the Yacht in either party's name; they cannot, as such, provide complete justice under *McWane*.[17]

It also appears the Turkish courts are not able to promptly address the claims before them. Although the Respondent filed the pending civil suit in 2017, it does not appear to have moved beyond the stage of determining which Turkish court, if any, has jurisdiction. Nearly five (5) years without a decision on jurisdiction does not provide confidence that a prompt decision on the merits is forthcoming.[18] And the delay is not harmless; the Petitioners have continued maintaining the Yacht and paying for its insurance without being able to use or enjoy it. This weighs against a stay.[19]

Because the Turkish courts cannot grant the parties prompt and complete justice, I decline to stay this action. Instead, I find that the Petitioners should be granted the relief they seek, reformation of the bill of sale and registration of the Yacht in the Company's name.

---

[17] *Cf. LG Elecs., Inc. v. InterDigital Commc'ns, Inc.*, 98 A.3d 135, 146 (Del. Ch. 2014), *aff'd*, 114 A.3d 1246 (Del. 2015) (finding that a tribunal's ability to provide the relief sought allowed the tribunal to provide complete justice).

[18] *See, e.g.*, *Pulver v. Stafford Holding, Co.*, 1987 WL 9368, at *3 (Del. Ch. Apr. 2, 1987) (finding that the delay in the prior-filed action weighed against a stay).

[19] *Cf. Tulum Mgmt. USA LLC v. Casten*, 2015 WL 7456003, at *5 (Del. Ch. Nov. 20, 2015) (explaining a stay issued under *McWane* may be lifted where claims in another jurisdiction are "delayed to an extent resulting in prejudice").

## III.  Conclusion

For the foregoing reasons, I find this litigation should not be stayed in favor of the first-filed litigation in Turkey.  The Turkish courts are incapable of providing the relief sought in this case, as only Delaware, as the registering state, has jurisdiction over the validity of the Yacht's registration.  And a stay in favor of the Turkish proceedings is not warranted because the record before me demonstrates the Turkish courts cannot provide prompt relief on the claims pending in Turkey.

The bill of sale should be reformed to conform with 7 *Del. C.* § 3100-3.21, and DNREC should register the Yacht in the Company's name.  This is a final report, and exceptions may be filed under Court of Chancery Rule 144.  The stay of exceptions to my final report issued on February 23, 2022, is hereby lifted, and exceptions may be filed under Court of Chancery Rule 144.  If exceptions are not timely filed, counsel to the Petitioners shall submit a proposed form of final order.

Respectfully,

*/s/ Selena E. Molina*

Master in Chancery